IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01722-WYD

MIKE Q. CROSS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security[1],

    Defendant.

# ORDER

THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's application for disability insurance benefits ["DIB"] and supplemental security income benefits ["SSI"].  For the reasons stated below, this case is reversed and remanded to the Commissioner for further fact finding.

I.    BACKGROUND

Plaintiff, born on January 27, 1963, filed for SSI and DIB in October 2006, alleging disability beginning in July 2006.  (Transcript ["Tr."] 43, 242-50.)  After Plaintiff's application was denied initially (*id.* 106-09), he requested a hearing before an administrative law judge ["ALJ"].  (*Id.* 110.)  A notice of hearing was sent to Plaintiff on July 19, 2008, and his representative filed a request for a postponement of the hearing because of the representative's need for medical treatment.  The request was denied,

---

[1] Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant pursuant to Fed. R. Civ. P. 25(d).

and a telephonic hearing was offered but not accepted.  When Plaintiff did not appear for the initial hearing scheduled for September 3, 2008, an ALJ dismissed his hearing request.  (*Id.* 97-98, 119.)

Plaintiff requested review by the Appeals Council (Tr. 129-30), which remanded the case to the ALJ for a hearing.  (Tr. 99-103).  Following a March 11, 2010 hearing, the ALJ issued an unfavorable decision in July 2010 finding Plaintiff not disabled at step five of the sequential evaluation required by law.  (*Id.* 43-55.)

More specifically, at step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 28, 2006, his alleged onset date.  (Tr. 45.)  At step two, the ALJ found that Plaintiff had severe impairments of diabetes mellitus, sleep apnea, obesity, plantar fasciitis, knee pain, human immunodeficiency virus infection ["HIV"], hepatitis C, depression, posttraumatic stress disorder ["PTSD"], substance addition, and "by history only, attention deficit-hyperactivity disorder" ["ADHD"].  (*Id.* 46.)  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments.  (*Id.*)

The ALJ then assessed Plaintiff's residual functional capacity ["RFC"].  (Tr. 48-53.)  He found that Plaintiff could perform light work "except sit for 6 hours total in an 8-hour workday and stand and walk for a combined total of 2 hours in an 8-hour workday, occasionally climb stairs and ramps but should not be required to climb ladders, ropes or scaffolds, occasionally stoop, kneel, crouch and crawl, should avoid hazards such as unprotected heights, moving machinery and operation of motor vehicles, who is able to

understand, remember and carry out simple instructions and should have no contact with the general public." (*Id.* 48.)

At step four, the ALJ found that Plaintiff could not perform his past relevant work. (Tr. 53.) At step five, relying on vocational expert testimony, the ALJ found that Plaintiff could perform other work existing in significant numbers in the national economy. (*Id.* 53-54.) Thus, the ALJ found that Plaintiff "has not been under a disability "from June 28, 2006, through the date of this decision." (*Id.* 54.)

The Appeals Council declined review on March 9, 2012 (Tr. 14-17), making the ALJ's decision the final decision for purposes of judicial review. *See* 20 C.F.R. § 422.210(a). Plaintiff timely requested judicial review, and this appeal followed.

II.  ANALYSIS

   A.  Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "It requires more than a scintilla of evidence but less than a preponderance of the evidence." *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988).

"Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir.

1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from substantial evidence."  *Thompson v. Sullivan*,  987 F.2d 1482, 1487 (10th Cir. 1993).

### B. Whether the ALJ's Decision Should Be Reversed

Plaintiff argues that the ALJ erred in disregarding the opinions of his treating physicians, instead giving weight to the opinions of the state agency physicians.  However, Plaintiff does not identify what treating physicians' opinions he is referring to, where in the record their opinions can be located, or provide any analysis of the issue.  The court is not required to consider poorly developed arguments.  *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).  Moreover, I find no merit to this argument.  The Commissioner points out in its response brief that the only opinions offered by treating physicians were opinions of disability on Med-9 forms by Drs. Loughrer, Ginosar and Barnes.[2]  These opinions, while entitled to consideration by the ALJ, are on an issue reserved to the Commissioner and are not entitled to controlling weight.  *Knight v. Astrue*, 388 F. App'x 768, 772 (2010) (unpublished).  The ALJ in this case did consider the forms and gave adequate reasons for giving those opinions no weight.  (Tr. 52.)  In addition, the ALJ properly rejected entirely the conclusion of a disability examiner who was not a physician or psychologist.  *See*

---

[2]  Med-9" forms are used by the Colorado State welfare program to determine eligibility for aid to indigent and disabled individuals, and are not used to assess whether those individuals are disabled within the meaning of the Social Security Act.  *See* Colorado Department of Human Services, www.cdhs.state.co.us (last visited Dec. 18, 2012).

*Klobas v. Astrue*, No. 08-cv-02324-REB, 2010 WL 383141, at *5 (D. Colo. Jan. 29, 2010).

However, I do find that the ALJ failed to properly consider all of Plaintiff's impairments in combination and how they impacted his ability to work. "When a claimant has one or more severe impairments" the ALJ is required to "consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). Here, while the ALJ found at step three that Plaintiff "does not have an impairment or combination of impairments that met or medically equaled a listed impairment, I find no indication in the ALJ's decision that he considered all of Plaintiff's impairments in combination as to the RFC and at later steps in the evaluation. Indeed, the ALJ stated in his step three determination that he considered Plaintiffs' obesity in combination with his other impairments "at other steps of the sequential evaluation process, including" the RFC assessment (Tr. 46), but did not state this as to the other impairments. Moreover, the RFC assessment does not discuss the impairments in combination or even state that the combination of impairments was taken into account. (*Id.* 48-53.)

While the Commissioner argues that the Court should not depart "from its general practice of taking a lower tribunal at its word when it declares that it has considered a matter", *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007), I do not find this rule applicable as the ALJ did not state or make clear that he considered the impairments in combination as to the RFC and later steps as required. See 20 C.F.R. § 416.923 ("If we do find a medically severe combination of impairments, the combined

impact of the impairments will be considered throughout the disability determination process.).[3]  I agree with Plaintiff that the Eleventh Circuit's decision in *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) is instructive on this issue.

In *Jamison*, the court reversed and remanded the case to the Commissioner when it could not determine from the ALJ's decision "whether the ALJ considered Jamison's visual impairment in combination with her bursitis and arthritis in determining whether she was disabled." 814 F.2d at 589.  The *Jamison* stated:

> The ALJ's "careful consideration of the entire record" communicates only that the ALJ reviewed the entire record; it does not answer the question of whether his "careful consideration" included a consideration of Jamison's entire medical condition. His conclusion that Jamison's "medical condition" did not prevent her return to her former work is no more helpful, for it also leaves open the question of whether he considered her medical condition in its entirety—and the balance of the opinion reveals only separate considerations of each claimed medical impairment. . . .
>
> . . .
>
> We, of course, have no objection to the individual treatment of each claimed medical impairment. But the requirement that the entire medical condition must be considered requires some discussion of the claims taken together. While the ALJ made broad findings that Jamison lacked credibility and could return to her past work these alone are not enough to enable us to conclude that he considered her medical condition as a whole. In these cases "our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts.". . . The ALJ has not provided an explanation sufficient for us to perform that duty.

*Id.* at 589-90 (quotations omitted).

The analysis in *Jamison* applies equally here.  The ALJ has not provided an explanation or statement that satisfies me that he fulfilled his duty to consider Plaintiff's

---

[3]  The ALJ's statement that he considered "the entire record" (Tr. 47) does not address whether he considered the impairments in combination.

impairments in combination. *See also Davis v. Shalala*, 985 F.2d 528, 533-34 (11th Cir. 1993) (if the Commissioner "finds a medically severe combination of impairments in step two, the regulations provide that [he] must consider the impact of the medically severe combination of impairments throughout the disability determination process. . . . a disability claimant should be evaluated as a whole person, and not evaluated in the abstract as having several hypothetical and isolated illnesses") (citing cases). This includes the consideration of the combination of Plaintiff's physical and mental impairments and how they impacted his ability to work. "'[M]ental and psychological defects can combine with physical impairments to create total disability to perform gainful employment.'" *Davis*, 985 F.2d at 534 (quotation omitted) (citing *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)). Accordingly, I find that a remand is required as the ALJ failed to adhere to the requirements of 20 C.F.R. § 416.923.

The ALJ's failure to consider the combination of Plaintiff's impairments is compounded by his pain assessment which I find error with. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent" with the ALJ's RFC. (Tr. 49.) As the ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms I presume, although the ALJ did not expressly state this, that he found Plaintiff established a pain-producing impairment by objective medical evidence. *See Kepler v. Chater*, 68 F.3d 387, 390 (10th Cir. 1995). Thus, as the ALJ acknowledged (Tr. 49), he was required to

consider all the evidence, both objective and subjective, in deciding whether Plaintiff's allegations of pain were credible. *Kepler*, 68 F.3d at 390; *see also Luna v. Bowen*, 834 F.2d 161, 164 (10th Cir. 1987).

The primary thing the ALJ pointed to in finding that Plaintiff's pain was not disabling was that there were no objective findings to support that pain. (Tr. 49—"the only knee x-ray in the record shows no significant degenerative disease", "HIV is controlled; Hepatitis C "shows his viral load is not high and liver enzymes are only minimally elevated with no evidence of significant liver dysfunction"; and 50—noting primarily normal findings from consultative examination.) However, the Tenth Circuit has made clear that once a pain producing impairment is found, as here, a lack of objective corroboration of the pain's severity cannot justify disregarding those allegations." *Luna*, 834 F.2d at 165.

Also, to the extent the ALJ rejected Plaintiff's testimony about his pain and other symptoms because they are not in accord with the RFC form completed by a consultant (Tr. 48), this is also error. The ALJ may not use the RFC assessment to reject a claimant's statements offered to show the limitations and symptoms he experiences. Instead, the ALJ must consider the subjective evidence and determine if it is credible. Based on the foregoing, I find that the ALJ erred in the pain analysis, and that this also requires a remand.

On remand, the ALJ should take into account the Tenth Circuit's holding that "[i]f the ALJ finds that plaintiff's pain, by itself, is not disabling, that is not the end of the inquiry." *Harrison v. Shalala*, No. 93-5238, 1994 WL 266742, at *5 (10th Cir. June 17,

1994) (unpublished). "The [Commissioner] must show that 'jobs exist in the national economy that the claimant may perform *given the level of pain [he] suffers.*'" *Id.* (emphasis in original) (quoting *Thompson v. Sullivan*, 987 F.2d 1482, 1490-91 (10th Cir. 1993) (further quotation omitted)). The ALJ must also consider the combination of the pain and the other impairments, as well as other symptoms in the record such as fatigue.

Related to this, the ALJ also should take into account on remand the impairments that he found not to be severe. *See Wall v. Astrue*, 561 F.3d 1048, 1065 (10th Cir. 2009); *Mushero v. Astrue*, No. 09-5164, 2010 WL 2530728, at *2 (10th Cir. June 24, 2010) (unpublished). Indeed, the ALJ must consider the combined effect of both severe and non-severe impairments in assessing the RFC. *Wells v. Colvin*, No. 12-6234, 2013 WL 4405723, *1 (10th Cir. Aug. 19, 2013). "'While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may-when considered with limitations or restrictions due to other impairments-be critical to the outcome of a claim.'" *Mushero*, 2010 WL 2530728, at *2 (quoting Soc. Sec. Rul. 96-8P, 1996 WL 374184, at *5).

Finally, however, to the extent that Plaintiff argues that the case should be reversed because the combination of his impairments in conjunction with his numerous medications renders him incapable of engaging in substantial gainful activity, this argument must be rejected. "'[O]utright reversal and remand for immediate award of benefits is appropriate when additional fact finding would serve no useful purpose.'" *Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989) (quoting *Williams v. Bowen*,

844 F.2d 748, 760 (10th Cir. 1988) (quoting *Dollar v. Bowen*, 821 F.2d 530, 534 (10th Cir. 1987)).  Here, I find that additional fact finding is required as discussed in this Order.  Accordingly, this case must be remanded, not reversed.  *Id.*

III.   CONCLUSION

Based upon the foregoing, I find that a remand is required for the ALJ to properly consider all of Plaintiff's impairments in combination in assessing Plaintiff's RFC and ability to perform work.  I also find a remand is required due to error in the pain assessment.  It is therefore

ORDERED that this case is **REVERSED AND REMANDED** to the Commissioner for further fact finding as directed in this Order pursuant to sentence four in 42 U.S.C. § 405(g).

Dated:  September 26, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge